IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRIAN KEITH PAGE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. H-10-0332 |
| | § | |
| KEITH F. WARREN, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a state inmate proceeding *pro se*, filed this section 1983 lawsuit complaining of violations of his civil rights by Texas Department of Criminal Justice ("TDCJ") Parole Division employees Keith F. Warren, Shanta Kidd, Alaba Obiri, and Milton Johnson. Defendants filed a motion for summary judgment (Docket Entry No. 21), to which plaintiff filed an untimely response without leave of court (Docket Entry No. 26).

After carefully reviewing the motion and response, the record, and the applicable law, the Court **GRANTS** the motion for summary judgment and **DISMISSES** this case for the reasons that follow.

## I. BACKGROUND AND CLAIMS

Plaintiff was convicted of sexual assault in 1977 and of aggravated sexual assault with a deadly weapon in 1985. He was released to mandatory supervision on January 17, 2008, and assigned to the Ben Reid Facility, a TDCJ halfway house located in Houston, Texas. The Board of Pardons and Paroles (the "Board") placed statutory and special conditions of

release on plaintiff, including Super Intensive Supervision Program ("SISP") conditions (electronic monitoring, compliance with a daily activity schedule, no travel without approval of supervising parole officer), Special Condition M (sex offender registration), Special Condition O.01 (remain a resident of Harris County), Special Condition P (mental health treatment),[1] and Special Condition X (participation in a sex offender treatment program, GPS and electronic monitoring). (Docket Entry No. 21, Exhibit A.)

Plaintiff states in his complaint that, in February of 2008, the victim in his aggravated sexual assault conviction publicly decried plaintiff's release to the halfway house. Plaintiff asserts that, as a result, additional conditions of his supervised release were imposed by the defendants, confining him to the halfway house except for medical appointments and, only then, if transported by his parole officer in a state vehicle. He complains that he cannot "go out into the community," seek employment, or use public transportation as can other convicted sex offenders residing at the halfway house. Plaintiff asserts that these additional conditions are above and beyond those given to other convicted sexual offenders and were imposed without notice or hearing, in violation of his due process rights. He claims he is being illegally confined and restrained of his liberty, and seeks monetary damages and removal of the additional conditions.

---

[1] Plaintiff reports that he has "minor mental issues" and that he "sometimes does not think clearly about what is required of him[.]" No additional details are given. (Docket Entry No. 8, p. 3.)

Defendants move for summary judgment and argue that plaintiff's claims are without merit.

## II. SUMMARY JUDGMENT STANDARD OF REVIEW

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(C). A factual dispute will preclude a grant of summary judgment if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court may not weigh the evidence or make credibility determinations. *Id.* Conclusory allegations, speculation, improbable inferences, or a mere scintilla of evidence, however, are insufficient to defeat a summary judgment motion. *See Michaels v. Avitech, Inc.*, 202 F.3d 746, 754-55 (5th Cir. 2000). The Supreme Court recognizes that facts must be viewed in the light most favorable to the nonmoving party at the summary judgment stage only if there is a genuine dispute as to those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## III. ANALYSIS

A. <u>Eleventh Amendment Immunity</u>

Plaintiff does not state in his complaint whether the defendants are being sued in their individual or official capacities. To the extent plaintiff sues defendants in their official capacities, they are immune from suit for monetary damages under the Eleventh Amendment,

3

because such an action is the same as a suit against the sovereign. *See Pennhurst State School Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Accordingly, plaintiff's claims for monetary damages against the defendants in their official capacities are dismissed. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 58-59 (1989); *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002).

B.  The Written Conditions of Release

The Court understands plaintiff to be complaining that, under his current written conditions of release, he is unable to leave the premises to "go out into the community," is being transported to medical appointments by his parole officer in a state vehicle, and cannot seek employment. He contends that he should be allowed freedom of movement, employment, and use of public transportation the same as other convicted sex offenders at the halfway house. Plaintiff further contends that his conditions of release were imposed without notice or hearing and denied him due process.

Under Texas Government Code Section 508.0441(a)(2), "Board members and parole commissioners shall determine. . . conditions of parole or mandatory supervision, including special conditions[.]" Utilizing this statutory authority, the Board imposed on plaintiff the following conditions of release relevant to this lawsuit:

> 9.  I understand that *I must remain at my residence at all times unless given prior written approval by my supervising parole officer to participate in activity reflected on my daily schedule.* Home plan residence is defined as the dwelling I live in and does not include the porch, yard, garage, or any other area beyond the front or back door of

4

> the residence. Residential facility residence is defined as the facility I live in and is limited to the confines of the facility.
>
> 10. I understand that *I must remain on home confinement twenty-four (24) hours per day, 7 days per week, unless given written approval* by the Regional Director and my supervising officer to leave the residence. Home confinement is a period of time in which I am not authorized to leave my residence.

(Docket Entry No. 21, Exhibit A, emphasis added.) Similar conditions were imposed as part of Special Condition SISP:

> 2. If I am residing at a community residential facility, I shall abide by all the rules of the community residential facility that I have been assigned to. *I shall not leave the community residential facility except as approved by my parole officer.*

*Id.* (emphasis added). Plaintiff's employment was neither required nor forbidden as a condition of his release, nor was he required to travel with his parole officer in a state vehicle.

Recent Fifth Circuit opinions make clear that, when an individual is convicted of a sex offense, sex offender conditions of release may be imposed without implication of a due process right. *Meza v. Livingston*, 607 F.3d 392, 401 (5th Cir. 2010); *Jennings v. Owens*, 602 F.3d 652 (5th Cir. 2010). Thus, plaintiff's complaints regarding the imposition of special conditions for convicted sex offenders are without merit. Moreover, due to plaintiff's aggravated sexual assault conviction, he was eligible for imposition of SISP special conditions for mandatory supervised release, and no due process violation is shown. *See Williams v. Ballard*, 466 F.3d 330, 332, n. 2 (5th Cir. 2006). Neither the Fifth Circuit nor the

Supreme Court has afforded inmates a protected liberty interest in not having SISP, GPS, or electronic monitoring conditions imposed as a condition of mandatory supervised release.

Further, all of these written conditions of release were imposed on plaintiff at the time he was released to mandatory supervision on or about January 17, 2010, as evinced by his signatures on the documents. (Docket Entry No. 21, exhibit A.) Accordingly, plaintiff's complaint that "additional" written conditions were added in February 2008 following his victim's public denouncement of his release are belied by the record and not supported by probative summary judgment evidence.

Regardless, none of the written conditions of release imposed on plaintiff require his confinement to the halfway house without any opportunity for travel. To the contrary, the conditions clearly state that plaintiff is not to leave the premises *except as approved* by his parole officer or as allowed by his daily activities schedule. Plaintiff's written conditions of release do not preclude his leaving the premises; rather, they preclude his leaving the premises *without approval*. Indeed, the affidavits of two other convicted sex offenders at the halfway house, submitted by plaintiff in his response to the motion for summary judgment, are entirely consistent with plaintiff's written conditions of release. The two individuals testify that they have been allowed to go out into the community "via approved activity sheet" from their parole officers; their travel, as with plaintiff's travel, must be approved and be part of their activity sheet. Plaintiff presents no probative summary judgment evidence of requesting, and being denied, approval for any particular travel away from the premises

6

or, if approval was denied, the circumstances surrounding the requested travel and the reasons given for its denial.

Neither the Fifth Circuit nor the Supreme Court has recognized a protected liberty interest in unrestricted mobility for convicted offenders who are released to mandatory supervision at a halfway house, and no due process issue is raised by plaintiff's complaint that he is required to obtain approval to leave the premises. Because the Board did not expressly prohibit plaintiff's being employed, nor did it require plaintiff to be transported with his probation officer in a state vehicle, no due process issues are presented as to those claims.

C. The "Unwritten Conditions of Release"

The Court also understands plaintiff to be complaining that defendants improperly imposed additional, unwritten conditions of release in February 2008 without notice or hearing, in violation of his right to due process. Specifically, plaintiff asserts that defendants told him that he could only leave the facility for medical appointments, could not seek employment, and would be transported by his parole officer in a state vehicle. He contends that these "unwritten conditions of release" were added without notice or hearing, and that they constitute "qualitatively different" conditions carrying "stigmatizing consequences" because other convicted sex offenders at the facility are allowed freedom of movement, employment, and the use of public transportation.

Plaintiff presents no probative summary judgment evidence establishing that, prior to February 2008, he was allowed to leave the premises on his own, use public transportation, and seek outside employment. Consequently, he does not show that defendants imposed "additional" conditions of his release in February 2008.

Regardless, neither the Fifth Circuit nor the Supreme Court has held that restrictions on mobility, transportation, and employment, or being transported to medical appointments in a state vehicle, constitute qualitatively different conditions having stigmatizing consequences for purposes of conditions of mandatory supervised release of an inmate convicted of aggravated sexual assault with a deadly weapon. No Fourteenth Amendment violation is shown, and defendants are entitled to summary dismissal of plaintiff's claims.

## IV. CONCLUSION

Defendants' motion for summary judgment (Docket Entry No. 21) is **GRANTED**, and this lawsuit is **DISMISSED WITH PREJUDICE**. Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 22 day of February, 2011.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRIAN KEITH PAGE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. H-10-0332 |
| KEITH F. WARREN, *et al.*, | § § § | |
| Defendants. | § | |

## FINAL JUDGMENT

For the reasons stated in this Court's *Memorandum Opinion and Order* of even date, this civil action is **DISMISSED WITH PREJUDICE**.

This is a **FINAL JUDGMENT**.

**SIGNED** at Houston, Texas on the 22 day of February, 2011.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE